(Reap. Dec. 11092)

SHALOM & Co. *v.* UNITED STATES

Entry No. 1004810.

(Decided October 21, 1965)

*Lane, Young & Fox* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

NICHOLS, Judge: This appeal for reappraisement is before me on the following stipulation of counsel for the respective parties:

IT IS STIPULATED AND AGREED by and between counsel for the parties hereto, subject to the approval of the Court:

That the merchandise covered by the above appeal for reappraisement consists of cotton pajamas and cotton parkas exported from Hong Kong subsequent to February 27, 1958.

That the said merchandise is not identified in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956, T.D. 54521, effective February 27, 1958; and that the said merchandise was entered for consumption subsequent to February 27, 1958.

That the facts and the issues involved herein are the same in all material respects as those involved in *Shalom Baby Wear, Inc.* v. *United States*, Reap. Dec. 10905, wherein it was held that a buying commission paid to Esses & Co. is a nondutiable item; and that the record in said case may be incorporated in and made a part of the record herein.

That on or about the date of exportation of the said merchandise, the price at which such or similar merchandise was freely sold, or, in the absence of sales, offered for sale in the principal markets of Hong Kong, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the appraised value less the buying commission, as stated on the invoice.

IT IS FURTHER STIPULATED AND AGREED that the above appeal for reappraisement may be submitted for decision upon this stipulation.

In view of this stipulation and on the authority of the decision cited, I find and hold that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of the cotton pajamas and cotton parkas involved herein and that said value is the appraised value, less the buying commission, as stated on the invoice.

As to all other merchandise, the appeal is dismissed.

Judgment will be rendered accordingly.